HORNE, et al v. DORSEY, et ux.

No. 17057.

Circuit Court Palm Beach County.

April 24 and May 26, 1958.

¹COMPLAINT

Come now the plaintiffs, by their undersigned attorneys, Roebuck, Roebuck & Evans, and sue the defendants in an action of ejectment, and allege—

1. That the defendants are in possession of a certain tract of land, situate, lying and being in Palm Beach County, Florida, described as follows—

Lot 53, Merlin Park, a Subdivision in the Northwest Quarter of Section 25, Township 43 South, Range 42 East, according to the Plat thereof on file in the office of the Clerk of the Circuit Court in and for Palm Beach County, Florida, in Plat Book 23, Page 124, LESS the West five (5) feet thereof.

2. That the plaintiffs are the fee simple title owners of the above described property, by virtue of the following deeds—

(a) Warranty deed from A. R. Roebuck and Myrtle P. Roebuck, his wife, the fee simple owners and developers of Merlin Park, to H. T. Ellis and Maxine Ellis, his wife, which said deed is recorded in Deed Book 1032, at Page 201, Public Records of Palm Beach County, Florida.

(b) Warranty deed from H. T. Ellis and Maxine Ellis, his wife, to Julius L. Horne and Clarence P. Carver, which said deed is recorded in Deed Book 1147, at Page 166, Public Records of Palm Beach County, Florida.

3. That the plaintiffs have improved said property by constructing thereon a concrete block dwelling; that the defendants have received the rental value of said dwelling and land since on or about March 1, 1957; and that the said defendants have failed and refused to deliver possession of said dwelling and land to the plaintiffs.

Wherefore, the plaintiffs demand judgment declaring them to be the fee simple owners of said property, and judgment for possession of said property, together with costs herein.

See Dorsey v. Horne, 11 Fla. Supp. 149.

Roebuck, Roebuck & Evans, West Palm Beach, for plaintiffs.

George L. Pink, West Palm Beach, for defendants.

CULVER SMITH, Circuit Judge.

*April 24, 1958:* This cause was presented upon plaintiffs' motion for the entry of a final summary judgment herein, as to possession of the property in controversy. The court has heard the arguments of counsel and has considered the depositions, pleadings and affidavits on file herein. In response to the motion for summary judgment, the defendants filed a response to said motion, which was sworn to by both of them.

It is undisputed that the defendants went into possession of the property in question under an executory contract of purchase. It is well settled that a vendor may maintain an action of ejectment against a vendee under an executory contract, which is in default, after notice of rescission.

The response to the motion for summary judgment, filed by the defendants, contains many denials, which are contradictory to their sworn testimony in their deposition taken or to the pleadings herein.

Plaintiffs' complaint alleges that the plaintiffs are the fee simple title owners to the property. In the sworn response this is denied by the defendants, but it is admitted in the answer which they have filed. Furthermore, they set up that they went in under an oral agreement to purchase. The law is settled that a plaintiff may prove title by showing that the relationship of vendor and purchaser existed between them, such as where plaintiff shows that the defendants entered into possession of the premises under an executory contract of purchase. In such a case defendants are estopped to deny plaintiff's title, without first having surrendered possession. Obviously possession has not been surrendered in the instant case, since the action is pending for possession of the premises.

For examples of contradictions in the affidavit and testimony of the defendants, the motion for summary judgment alleges that a second mortgage has not been paid. This is denied in the response to the motion but admitted in the deposition. Plaintiffs allege in their motion that they have made proper demand for payment, which is denied in defendants' response, but admitted in defendant's deposition. Defendants have not, in the deposition or in their response to the motion for summary judgment, testified in any way that they have made any tender to the plaintiffs, in accordance with the admitted oral agreement.

Defendants have now been in possession of the premises for over one year under an executory contract, the terms of which they have not complied with. It is the opinion of the court that there is no material issue of fact concerning the rights of the plaintiffs to immediate possession of the premises of which they hold fee simple title.

It is thereupon ordered and adjudged that plaintiffs' motion for summary judgment for possession of the premises described in their bill of complaint be and the same is granted. Proper final judgment will be entered by the court upon application of plaintiffs and notice given by them.

It is further ordered and adjudged that this case be stricken from the trial docket, and that the pre-trial conference scheduled herein for April 28, 1958, be canceled.

*May 26, 1958:* This cause came on this day for entry of final judgment after the entry of a summary judgment herein on the 24th of April, 1958, and the court being fully advised in the premises, it is thereupon ordered, adjudged and decreed that the plaintiffs Julius L. Horne and Clarence P. Carver are and were at the institution of this action, the owners in fee simple of the following described property—

> Lot 53, Merlin Park, a Subdivision in the Northwest Quarter of Section 25, Township 43 South, Range 42 East, according to the Plat thereof on file in the office of the Clerk of the Circuit Court in and for Palm Beach County, Florida, in Plat Book 23, Page 124, LESS the West five (5) feet thereof.

It is further ordered and adjudged that the plaintiffs recover of and from the defendants the possession of said property; that the notice of lis pendens heretofore filed herein by the defendants be hereafter considered null and void; and that the plaintiffs do have and recover of and from the defendants their costs in this behalf expended and taxed at $47.80, for all of which let execution issue.